NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5074

ESTERHILL BOAT SERVICE CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 09-CV-735, Senior Judge Robert H. Hodges, Jr.

ON MOTION

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Esterhill Boat Service Corporation (Esterhill) moves for a stay, pending appeal, of performance of a contract awarded to Federated Realty Five LLC (Federated) for operation of an outpatient clinic for the Department of Veterans Affairs. Esterhill also moves for leave to exceed the word limitation and file a stay motion containing 24 pages. The United States opposes the motion to stay. Esterhill replies.

The Department issued a solicitation to lease 8000 square feet of space on one floor for operation of an outpatient clinic. Esterhill was an incumbent and one of three businesses submitting bids, but could only offer the required space over two floors. Esterhill was removed from the competitive range and the Department awarded the contract to Federated and the parties subsequently executed a lease agreement. A

week after execution of the lease, Esterhill filed a bid protest in the United States Court of Federal Claims. The Court of Federal Claims rejected Esterhill's claims and dismissed its complaint.

Esterhill appeals the Court of Federal Claims' judgment and moves to stay the performance of the lease agreement between Federated and the United States pending the disposition of this appeal. To obtain a stay or injunction, pending appeal, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987). See also Standard Havens Prods. v. Gencor Indus., 897 F.2d 511 (Fed. Cir. 1990).

Based upon the papers submitted, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that Esterhill has not established the requisite likelihood of succeeding on the merits and thus has not met its burden to obtain a stay, pending appeal.[*]

Accordingly,

IT IS ORDERED THAT:

(1)	Esterhill's motion for a stay is denied.

---

[*] We also note that Esterhill failed to first file a motion for a stay in the trial court, as required by Fed. R. App. P. 8(a). The rule requires that a movant must ordinarily move first in the trial court for a stay of an injunction, unless the movant establishes that moving first in the trial court would be impracticable. Thus, we would also deny the motion on the additional ground that Esterhill failed to comply with the requirements of Rule 8(a).

(2)  Esterhill's motion for leave to exceed the word limitation is granted.

FOR THE COURT

MAR 2 5 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Sam Z. Gdanski, Esq.
Kent C. Kiffner, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 2 5 2010

JAN HORBALY
CLERK

2010-5074                     - 3 -